UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ANISHA MCGLONE,

                            Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer THOMAS SMITH, Shield No. 10700; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Anisha Mcglone ("plaintiff" or "Ms. Mcglone") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Thomas Smith, Shield No. 10700 ("Smith"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Smith is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 12:30 a.m. on June 25, 2011, plaintiff lawfully exited her apartment building at 2780 86th Street, Brooklyn, NY.

14. Plaintiff saw unknown people "shooting off" roman candles. Plaintiff told the individuals to stop what they were doing because the police approaching.

15. Angered by plaintiff's admonition, the defendants, including THOMAS, approached plaintiff and asked where were "the fireworks". Plaintiff responded she didn't know anything about fireworks and requested that the officer leave her alone.

16. Plaintiff continued walking. Defendants, including Thomas, approached plaintiff and again asked for the location of fireworks.

17. When plaintiff again protested the intrusion, one of the officers roughly grabbed plaintiff, roughly twisted her arm against her back and threw her onto a police vehicle.

18. Plaintiff was eventually taken to the precinct.

19. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff acting disorderly

and resisting arrest.

20. At no point did the officers observe plaintiff commit any crimes or violations.

21. After approximately twenty-four (24) hours in custody, plaintiff was arraigned in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## Unlawful Stop and Search

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

25. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM

## False Arrest

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

29. mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

30. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

31. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### THIRD CLAIM

### Unreasonable Force

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### Denial Of Constitutional Right To Fair Trial

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The individual defendants created false evidence against Plaintiff.

37. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

38. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

### Malicious Abuse Of Process

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants issued legal process to place Plaintiff under arrest.

42. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

43. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM

### Failure To Intervene

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   April 17, 2014
         New York, New York


                                        /ss/
                                Robert Marinelli
                                299 Broadway, Suite 1501
                                New York, New York 10007
                                (212) 822-1427

                                *Attorney for plaintiff*